44

In his oral charge, the court instructed the jury as follows: "If the defendant smelled or gauged the liquor, he would be guilty." Exception was reserved to this portion of the court's oral charge.

■ The defendant was charged with the manufacture of whisky, and if he intentionally participated in the manufacture either by word or deed, he would be guilty, but the smelling or gauging of the whisky would not necessarily constitute an act aiding or abetting in its manufacture. Such act would be evidence tending to prove defendant's participation in the manufacture, and, as such, would be admissible in evidence, but the conclusion to be reached from such evidence was for the jury and not for the court. The manufacture of an article contemplates a finished product, and until that point has been reached, there is no completed act of manufacture. When, as here, the manufacture is complete, any person intentionally participating in its manufacture would be at common law an accessory before the fact, and under our statute, Code 1923, § 3196, a principal. Nonetheless, he remains an accessory and becomes a principal only by reason of the statute. His connection with the crime depends upon proof of words or deeds aiding or abetting the crime, and proof of this beyond a reasonable doubt is a question for the jury.

■ The excerpt is a charge upon the effect of the evidence which may not be done by the court ex mero motu. Code 1923, § 9507; Estes v. State, 18 Ala.App. 606, 93 So. 217.

Other exceptions are without merit; but for the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

RICE, Judge.

It appears from the petition in this case that appellee (petitioner) had been convicted of the offense of murder in the second degree and his punishment fixed at imprisonment in the penitentiary for the term of 25 years. His case was apparently pending on appeal.

He was properly retained in the custody of appellant (Code 1923, § 3241); and the order admitting him to bail was laid in error. The same is hereby reversed; and it is the order of this court that appellant take into custody the body of appellee, forthwith, and retain same, in accordance with the statutes made and provided.

Reversed and rendered.

165 So. 600

### INGRAM v. TOWN OF HEFLIN.
7 Div. 205.

Court of Appeals of Alabama.
Feb. 4, 1936.

165 So. 788

### ALLDAY, Sheriff, v. COOLEY.
I Div. 241.

Court of Appeals of Alabama.
Feb. 4, 1936.

